WILLIAM E. Du HADAWAY *vs.* THE COMMISSIONERS OF THE TOWN OF TOWNSEND.

*Injuries to Plaintiff's Property—Cutting Shade Trees—Authority of Town Commissioners—Liability of Town— Damages.*

1.  If the Commissioners of a town, acting as such, either in a body or a majority of them so acting, employ a person to cut down a tree, it would be sufficient authority for the act.   If a majority, or even less than a majority so contracted and the remaining commissioners, or all of them, approved, assented to or acquiesced in the act, then it would be done with authority.

2.  If a person makes application for permission to cut down a tree for his own benfit and the commissioners properly give him authority to do so, that would authorize him to cut it down in the proper way, and not improperly.   The town commissioners, even if authority is given, would not be liable for the improper exercise of such authority.

3.  If the person who cuts down the tree has authority for the act, the town would be liable for such damages as were actually sustained; but to entitle the plaintiff to recover at all, the jury must be satisfied, that the person who cut the trees had the authority of the commissioners so to do, and that it was in the interests of the town.   The damages could only be actual damages, and in no event can recovery he had unless the injury was the result of negligence on the part of the person authorized by the commissioners of the county.

(*November* 12, 1904.)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Edwin R. Cochran, Jr.*, for plaintiff.

*Martin B. Burris* for defendant.

Superior Court, New Castle County, November Term, 1904.

ACTION ON THE CASE (No. 86, February Term, 1902), to recover damages for injuries to plaintiff's property , by the cutting of certain shade trees.

It was admitted at the trial that the title to the property was in the plaintiff and that said plaintiff was the owner of the trees alleged to have been damaged.

Lore, C. J., charging the jury:

Gentlemen of the jury:—The case you are empanelled to try is an action brought by William E. Du Hadaway against the Commissioners of the town of Townsend, in this State. The plaintiff claims that on the eleventh day of September, 1901, certain parties authorized by the Commissioners of the town of Townsend, cut down trees near his dwelling house, one of which fell upon other trees belonging to him in his yard and did damage to two of his trees. He claims damages to the extent of $250.00 for each tree, making $500.00; also damage to his front fence, to the extent of $10.00; and to his curb, to the amount of $5.00; and to a certain rustic seat, for which he claims $18; making his total claim $533.00.

This case turns largely upon whether or not the persons cutting down the trees were authorized to do so, by the Commissioners of Townsend, in such a way as to bind the corporation. We will say to you, gentlemen, upon the point of authority, that if the town Commissioners of Townsend, acting as such, either in a body or a majority of them so acting, employed this man to cut down the tree, it would be sufficient authority for so doing. We will say further, that if a majority, or even less than a majority, so contracted, and the remaining commissioners, or all of them, approved or assented to, or acquiesced in that act, then it would be done with authority. We will say to you further that if Mr. Daniels made the application to cut down the tree for his own benefit, and the Commissioners properly gave him authority to do so for his own benefit, that would authorize him to cut it down in a proper way, and not improperly; and the town Commissioners, even if authority was given, would not be liable for an improper exercise of that authority, for Daniels' own benefit and not for the benefit of the town.

You must be satisfied by a preponderance of the evidence that Mr. Daniels had the authority, properly given him by the Commissioners of Townsend, to do that act, in order to make the town of Townsend liable for such act. If he had the author-

ity so to do, the town would be liable for such damages as were actually sustained.

As to the question of damages, if, after an examination of the evidence in this case, you determine that he is entitled to damages, he would be entitled to actual damages. But to entitle him to recover at all, you must be satisfied that the man who cut the tree had the authority of the town Commissioners so to do, and that it was in the interests of the town. If it was not, the town could not be bound or mulcted in damages for any injury that may have been sustained by such act. The damage could only be, as I have said before, actual damages.

It is proper to say to you that in no event can recovery be had by the plaintiff, unless the injury was the result of negligence on the part of the person who, you must be satisfied, was authorized by the Commissioners of Townsend.

You have all the evidence in this case before you, and it is for you to say upon the evidence, whether any injury was done for which the defendant is liable, and if so, to what amount.

Verdict, for plaintiff for $105.00.